UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANTHONY CARLTON FONSECA,

       Plaintiff,
v.

A.B.C. OF NORTH PALM BEACH, INC.,
MIKE TRAN A/K/A MICHAEL TRAN
A/K/A MY TRAN D/B/A
U.S. TANNING INC. D/B/A US TANNING,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ANTHONY CARLTON FONSECA, brings this action against Defendants, A.B.C. OF NORTH PALM BEACH, INC. and MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN D/B/A U.S. TANNING INC. D/B/A US TANNING pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ANTHONY CARLTON FONSECA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis via interstate communication among other activity within the meaning of the FLSA.

4. At all times material hereto, Defendant, A.B.C. OF NORTH PALM BEACH, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of tanning salon services, at all times material hereto was the "employer" of Plaintiff as

that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN operated a sole proprietorship in South Florida while doing business as U.S. TANNING INC. and US TANNING, engaged in commerce in the field of tanning salon operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

6. Defendant, MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN D/B/A U.S. TANNING INC. D/B/A US TANNING, is a resident of South Florida and was, and now is, the managing agent, director and/or owner of Defendant, A.B.C. OF NORTH PALM BEACH, INC.; said Defendant acted and acts directly in the interests of Defendant, A.B.C. OF NORTH PALM BEACH, INC., in relation to said co-Defendant's employees. Defendant effectively dominates A.B.C. OF NORTH PALM BEACH, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN D/B/A U.S. TANNING INC. D/B/A US TANNING was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Defendants A.B.C. OF NORTH PALM BEACH, INC. and MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN D/B/A U.S. TANNING INC. D/B/A US TANNING are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their

employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

8. Defendants A.B.C. OF NORTH PALM BEACH, INC. and MIKE TRAN A/K/A MICHAEL TRAN A/K/A MY TRAN D/B/A U.S. TANNING INC. D/B/A US TANNING were joint employers of Plaintiff under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

9. In justifiable reliance upon Defendants' representations and promises, Plaintiff ANTHONY CARLTON FONSECA accepted employment and began working for Defendants as a sales associate.

10. During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper minimum wages for all hours worked with Defendants.

11. During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper overtime wages of 1.5 times his regular hourly rate for all hours worked over 40 each week.

12. During Plaintiff's employment, Defendants routinely paid Plaintiff his wages late.

13. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

14. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages, including liquidated damages for wages paid late, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791